IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AMERICAN HOMES 4 RENT
PROPERTIES EIGHT, LLC,

    Plaintiff,

v.

GEORGE N. DYNOTT,

    Defendant.

1:15-cv-2689-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Justin S. Anand's Final Report and Recommendation ("R&R") [7], which recommends granting Plaintiff American Homes 4 Rent Properties Eight, LLC's ("Plaintiff") Motion to Remand ("Motion") [4] this dispossessory action to the Magistrate Court of Cobb County, Georgia. Also before the Court are Defendant George Dynott's ("Defendant") Motion to Stay [2], Plaintiff's Motion to Stay [5], and Plaintiff's Motion to Compel Rent [6].

## I.     BACKGROUND

On July 7, 2015, Plaintiff initiated a dispossessory proceeding against Defendant in the Magistrate Court of Cobb County, Georgia.[1]  The Complaint seeks possession of premises currently occupied by Defendant and seeks past due rent, fees and costs.

On July 30, 2015, Defendant, proceeding *pro se*, removed the Cobb County action to this Court by filing his Notice of Removal [1] and a "Motion to Stay" [2]. Defendant appears to assert that there is federal subject matter jurisdiction because there is in the case a question of federal law.  In his Petition for Removal, Defendant claims that Plaintiff violated the "Federal Protecting Tenants Act Foreclosure Act Sec. 702, 15 USC [sic] 1692(a)" and the Due Process Clause of the Fourteenth Amendment.  (Pet. for Removal [1] ¶ 1).  Defendant also claims that a stay of the state court eviction proceedings is appropriate because Plaintiff "used forged documents to illegally foreclose of [sic] Defendant's property."  (See [2] at 1).

On August 11, 2015, Plaintiff moved to remand this action to state court. Defendant did not respond to Plaintiff's Motion.

On September 10, 2015, Plaintiff filed its Motion to Compel Rent.

---

[1]     No. 15-E-09778.

On September 18, 2015, Magistrate Judge Anand issued his R&R, recommending that the Court grant Plaintiff's Motion and remand this case to the Magistrate Court of Cobb County, because the Court lacks federal matter jurisdiction over this matter. The Magistrate Judge found that the Complaint filed in Magistrate Court asserts a state court dispossessory action and does not allege federal law claims. Because a federal law defense or counterclaim does not confer federal jurisdiction, the Magistrate Judge concluded that the Court does not have federal question jurisdiction over this matter. Defendant failed to allege any facts to show that the parties' citizenship is completely diverse, or that the amount in controversy exceeds $75,000. The Magistrate Judge concluded that the Court does not have diversity jurisdiction over this matter and that this case is required to be remanded to the state court.

There are no objections to the R&R.

## II.  DISCUSSION

### A.  Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112

(1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

    B.    Analysis

Defendant does not object to the R&R's finding that Plaintiff's Complaint does not present a federal question and that the parties are not diverse.  The Court does not find any plain error in these conclusions.  It is well-settled that federal-question jurisdiction exists only when a federal question is presented on the face of a plaintiff's well-pleaded complaint and that the assertions of defenses or counterclaims based on federal law cannot confer federal question jurisdiction over a cause of action.  See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002).  The record also does not show that Plaintiff and Defendant are citizens of different states, or that the amount in controversy exceeds the statutory threshold of $75,000.  See 28 U.S.C. § 1332(a); Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga.

Jan. 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement."). The amount-in-controversy requirement is not satisfied and removal is not proper based on diversity of citizenship.[2, 3]

Because the Court lacks both federal question and diversity jurisdiction, the Magistrate Judge recommended that this action be remanded to the state court. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

---

[2] Judge Anand also found that removal was procedurally defective because Defendant, a citizen of Georgia, cannot remove to federal court an action brought against him in a Georgia state court. See 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

[3] The Court notes that Defendant contends that the parties are diverse because Defendant is a citizen of Georgia and Plaintiff is a "foreign corporation." (See [1.2] ¶ 7). Even if Defendant is a Georgia citizen, Defendant must establish that Plaintiff is not a citizen of Georgia. Plaintiff appears to be a limited liability company, and is thus a citizen of any state of which one of its members is a citizen. See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). Defendant has not identified Plaintiff's members and their respective citizenships, and the Court is thus unable to determine if "every plaintiff [is] diverse from every defendant." See Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994). Defendant fails to show that the parties are completely diverse and removal is not proper based on diversity of citizenship for this additional reason.

Defendant did not object to this recommendation and the Court finds no plain error in it.

Because the Court adopts the R&R and dismisses this action for lack of subject matter jurisdiction, Defendant's Motion to Stay [2] is denied as moot.[4] Plaintiff's Motion to Stay [5], and Plaintiff's Motion to Compel Rent [6], are also denied as moot.

## III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Justin S. Anand's Final Report and Recommendation [7] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand [4] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action be **REMANDED** to the Magistrate Court of Cobb County, Georgia.

**IT IS FURTHER ORDERED** that Defendant's Motion to Stay [2] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay [5] and

---

[4] Even if subject-matter jurisdiction existed, the Court is unable to grant Defendant the relief he seeks—a stay of state court eviction proceedings—because a federal court is prohibited under the Anti-Injunction Act, 28 U.S.C. § 2283, from enjoining a state court eviction proceeding.

Motion to Compel Rent [6] are **DENIED AS MOOT**.

**SO ORDERED** this 8th day of October, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE